UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTEST PROMOTIONS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>   Defendant. | Case No. 15-cv-04365-SI<br><br>**ORDER:**<br>**--GRANTING DEFENDANT'S MOTION TO DISMISS IN PART;**<br>**--GRANTING PLAINTIFF'S MOTION TO REMAND;**<br>**--DISMISSING AS MOOT PLAINTIFF'S REQUEST TO AMEND COMPLAINT; AND**<br>**--REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT**<br><br>Re: Dkt. Nos. 16, 19 |

  Currently before the Court is a motion by defendant City and County of San Francisco ("the City") (1) to dismiss the First Amended Complaint filed by Contest Promotions, LLC ("Contest") and (2) to strike Contest's demand for punitive damages. Dkt. No. 16. Contest opposes the City's motion and has filed a motion to remand this action to state court. Dkt. No. 19. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing presently scheduled for March 18, 2016. For the reasons set forth below, the Court GRANTS the City's motion to dismiss in part, GRANTS Contest's motion to remand, DISMISSES as moot Contest's request to amend the complaint to add individual defendants; and REMANDS this action to San Francisco Superior Court.

**BACKGROUND**

This is the third action brought by Contest, challenging the validity of San Francisco Planning Code § 602.3 and various other federal and state law issues, to be considered by this Court. Dkt. No. 15 at 12:1-7. The parties settled the first action (No. C-09-4434 SI). This Court dismissed the federal claims contained in the second action with prejudice, while dismissing the state claims without prejudice (No. C-15-0093 SI). Dkt. No. 17-5 at 3 (order granting City's motion to dismiss the second case).[1] In brief, the second action challenged the City's amendment of San Francisco Planning Code § 602.3, which, according to Contest, had the effect of frustrating the previous agreement (or inhibiting the contract) entered into by the parties to settle the first action. *Id.* at 3-4. Following this Court's dismissal of the second action, Contest filed a new action in state court in which it alleged various state law claims, some of which it had alleged in the second action, plus one new federal claim (violation of the contracts clause of the Federal Constitution). Dkt. No. 1. It appears that none of the relevant facts pled by Contest have changed since the time the second action was before this Court. The City removed the third action to federal court pursuant to 28 U.S.C. § 1441(a), asserting federal question jurisdiction under 28 U.S.C. § 1331. *Id.*

Contest has presently alleged the following causes of action: (1) violation of the liberty of speech clause of the California Constitution; (2) violation of the contracts clause of the Federal Constitution; (3) violation of the contracts clause of the California Constitution; (4) inverse condemnation; (5) breach of written contract; (6) breach of implied covenant of good faith and fair dealing; (7) fraud in the inducement; and (8) promissory estoppel. Dkt. No. 15. Only the second cause of action provides the Court with jurisdiction pursuant to a federal question.

---

[1] The Court observes that the City has filed a request for judicial notice, Dkt. No. 17, which includes copies of: (1) prior orders issued by this Court (Exh. A, B, I, J); (2) prior pleadings filed by Contest in this Court and San Francisco Superior Court (Exh. G, H, L); (3) a notice of appeal filed by Contest in this Court (Exh. K); (4) San Francisco ordinances and resolutions, as well as a notice of a planning department requirement, that are referenced in and material to the present dispute. Exh. C, D, E, F. These matters are properly the subject of judicial notice. *See First English Evangelical Lutheran Church of Glendale v. Los Angeles Cty., Cal.*, 482 U.S. 304, 326 n.6 (1987); *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1232-33 (E.D. Cal. 2003). The Court therefore GRANTS this request.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

In this third action, Contest has alleged a new federal theory: impairment of contract in violation of the contracts clause, article I, § 10, clause 1 of the Federal Constitution. *Id.* at 7:6-7. The City alleges that this claim is barred by *res judicata*. *Id.* at 7:11-14, 17-19. The City is

3

correct, and the federal claim will be dismissed without leave to amend. In its discretion, the Court determines that the remaining state-law claims should be remanded to state court where they were filed.

### I. *Res Judicata* — Contracts Clause of the Federal Constitution

Under *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata* not only applies to questions that were actually litigated in a prior action; it also "bars all grounds for recovery *which could have been asserted*, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (emphasis added) (internal quotation marks omitted). A claim barred by *res judicata* requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks and citations omitted).

> In deciding whether there is an identity of claims, four criteria are applied:
>
> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks and citations omitted). The fourth criterion is the most important. *Id.* at 1151. "In determining whether two events are part of the same transaction, courts consider whether they are 'related to the same set of facts and whether they could conveniently be tried together.'" *United States v. Banco Internacional/Bital, S.A.*, 110 F. Supp. 2d 1272, 1276 (C.D. Cal. 2000) (citing *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993)). "The dismissal of the action with prejudice constitutes a final judgment on the merits . . . ." *Karr*, 994 F.2d at 1429.

4

The City argues that *res judicata* should bar plaintiff's newly minted federal contracts clause claim because it arises under the same set of facts as the second action, and Contest could and should have raised this theory in the second action. Dkt. No. 16 at 15:9-11. Contest implicitly concedes this premise, and argues that if it had alleged its federal contracts clause claim in the second action, this Court would have abstained from deciding the claim on *Pullman* grounds. Dkt. No. 19 at 18:14-15. However, *Pullman* abstention is much narrower than Contest suggests.

*Pullman* abstention, or the *Pullman* doctrine, is a doctrine of judicial restraint which recognizes that federal courts should not prematurely resolve the constitutionality of state statutes. The doctrine calls for deferral of a federal suit pending the conclusion of state proceedings, rather than abstention in the form of dismissal of the federal suit. *See Growe v. Emison*, 507 U.S. 25, 32 (1993). In other words, the act of abstention allows federal courts "to postpone the exercise of federal jurisdiction when 'a federal constitutional issue … might be mooted or presented in a different posture by a state court determination of pertinent state law.'" *VH Property Corp. v. City of Rancho Palos Verdes*, 622 F. Supp. 2d 958, 962 (C.D. Cal. 2009) (quoting *C-Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983)). The Ninth Circuit has found that "*Pullman* abstention does not exist for the benefit of either of the parties but rather for 'the rightful independence of the state governments and for the smooth working of the federal judiciary.'" *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998) (quoting *Pullman*, 312 U.S. at 501). Abstention under *Pullman* "is proper only in *exceptional cases* where principles of comity and federalism justify postponing the exercise of jurisdiction that Congress conferred upon federal courts." *Pearl Inv. Co. v. City & Cty. of San Francisco*, 774 F.2d 1460, 1462 (9th Cir. 1985) (emphasis added).

*Pullman* abstention "is an *extraordinary* and *narrow* exception to the duty of a [d]istrict [c]ourt to adjudicate a controversy," and can be justified "only in the *exceptional circumstances* where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Canton v. Spokane Sch. Dist. No. 81*, 498 F.2d 840, 845 (9th Cir. 1974) (emphasis added) (internal quotation marks omitted), *overruled on other grounds as recognized by*

5

*Heath v. Cleary*, 708 F.2d 1376, 1378-79 n.2 (9th Cir. 1985). "Three factors must be present before abstention is allowed under *Pullman*: (1) the complaint must involve a sensitive area of social policy that is best left to the states to address; (2) a definitive ruling on the state issues by a state court could obviate the need for constitutional adjudication by the federal court; and (3) the proper resolution of the potentially determinative state law issue is uncertain." *Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993) (internal quotations omitted).

This is the first time Contest has raised a federal contracts clause claim in this series of lawsuits. In an effort to avoid the application of *res judicata* — effectively acknowledging that this claim could have previously been pled, see *Tahoe-Sierra*, 322 F.3d at 1078 — Contest advances what amounts to a retrospective hypothetical: that the Court *would* have abstained from deciding this claim in the second action on *Pullman* grounds, because it is unsettled state law whether § 602.3 is legal. Dkt. No. 19 at 9:7-11.

There is simply no case law to support this hypothetical extension of *Pullman* and to excuse Contest's failure to assert its federal contracts clause claim in the second action. Contest cannot justify its failure to plead a federal contracts clause claim for relief by speculating about what this Court might have done on what it asserts was an "unsettled question of state law" in the prior action.[2] The federal contracts clause claim is precluded on *res judicata* grounds. The Court GRANTS the City's motion to dismiss the federal contracts clause claim with prejudice.

**II.   The Court Will Remand Plaintiff's State Law Actions to California State Court**

The City removed this case to federal court pursuant to 28 U.S.C. § 1441(a) as a federal

---

[2] To demonstrate that this issue is "unsettled state law," Contest points to a recent decision by the California Court of Appeal addressing a Los Angeles sign ban. *Lamar Cent. Outdoor, LLC v. City of Los Angeles*, No. B260074, 2016 WL 911406 (Cal. Ct. App. Mar. 10, 2016). The *Lamar* appeal was filed on November 14, 2014 and thus was pending in May, 2015 when Contest filed the second action in this case. *Lamar* considered whether distinctions between commercial and noncommercial signs, and between onsite and offsite signs, are content-based and subject to strict scrutiny under U.S. Supreme Court First Amendment precedents and California's free speech clause. *Id.* at *1. *Lamar* is only tangentially related to the contracts issue now being pursued; and in any event, Contest was on constructive notice of this allegedly "unsettled area of state law" in the prior action and made no mention of it or of *Pullman* abstention at that time.

question. Dkt. 1. Because the Court dismisses Contest's federal contracts clause claim with prejudice, only the state law claims remain. It is undisputed that the Court's prior order in this case did not address any of Contest's previously pled state claims, and instead dismissed them without prejudice. *See* Case No. 15-cv-93, Dkt. No. 43. As there is no final judgment on the merits as to any of these previously pled state claims, *res judicata* is not appropriate. *Cf. In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (reasoning that claims dismissed with prejudice *are* precluded from being re-alleged by the same parties pursuant to *res judicata*).

A district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon University v. Cohill,* 108 S.Ct. 614, 623 (1988) ("district court has discretion to remand to state court a removed case involving pendent [now supplemental] claims upon a proper determination that retaining jurisdiction over the case would be inappropriate"); *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1029 (9th Cir. 2015)("A district court 'may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.'" (citing 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.,* 483 F.3d 956, 965 (9th Cir. 2007))). The Court finds that retaining supplemental jurisdiction over these entirely state law claims would be inappropriate. The Court therefore GRANTS Contest's request to remand the remaining state causes of action — claims one, as well as claims three through eight — to state court. *See* Dkt. No. 15.

### III.   The Punitive Damages/Amendment Issue is Moot

Contest prayed for "exemplary and punitive damages" in its complaint. Dkt. No. 15 at 23. The City countered that controlling law precludes imposing punitive damages on a municipality. Dkt. No. 16 at 26:6-8. Contest conceded the City's point, but subsequently in its reply brief requested leave to amend to add individuals. Dkt. No. 24 at 19:25-28; *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("A municipality is immune from punitive damages under 42 U.S.C. § 1983."); Cal. Gov't Code § 818 (prohibiting exemplary or punitive damages imposed on a public entity).

7

Because the Court has dismissed Contest's federal claim and is remanding its state law claims, it no longer retains jurisdiction. Contest's request for leave to amend is DISMISSED as moot.

## CONCLUSION

The Court GRANTS the City's motion to dismiss Contest's federal contracts clause claims, with prejudice. The Court declines to exercise supplemental jurisdiction over Contest's state claims and GRANTS Contest's motion to remand the remaining claims for relief to state court. The Court DISMISSES as moot Contest's request for leave to amend its complaint to add individual defendants. The Court REMANDS this action to San Francisco Superior Court.

**IT IS SO ORDERED**.

Dated: March 16, 2016

SUSAN ILLSTON
United States District Judge